SEMNAR & HARTMAN, LLP
Babak Semnar, Esq. (SBN 224890)
Bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone (951) 234-0881; Fax (888) 819-8230

Attorneys for Plaintiff
EVANGELINA BANKS

# U.S. DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINA BANKS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL DATA SYSTEMS, INC.;<br>DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL, FOR VIOLATIONS OF:**<br><br>1. **FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,**<br><br>2. **STATE OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,** |

Plaintiff, EVANGELINA BANKS, an Individual, by and through her attorneys of record, hereby complains and alleges as follows:

## INTRODUCTION

1. Plaintiff, by and through her attorneys of record, files this Complaint to secure redress from unlawful consumer protection violations engaged in by Defendant MEDICAL DATA SYSTEMS, INC. (hereinafter, "MDS") in violation of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"); as well as the California

1
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Consumer Credit Reporting Agencies Act (hereinafter "CCCRAA").

2. In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the FDCPA:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
>
> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. In California Civil Code § 1785.1(a)-(g), the California Legislature made the following findings and purpose in creating the CCCRAA:

> (a) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, and general reputation of consumers.
>
> (b) Consumer credit reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

consumers.

(c) There is a need to insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(d) It is the purpose of this title to require that consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title.

(e) The Legislature hereby intends to regulate consumer credit reporting agencies pursuant to this title in a manner which will best protect the interests of the people of the State of California.

(f) The extension of credit is a privilege and not a right. Nothing in this title shall preclude a creditor from denying credit to any applicant providing such denial is based on factors not inconsistent with present law.

(g) Any clauses in contracts which prohibit any action required by this title are not in the public interest and shall be considered unenforceable. This shall not invalidate the other terms of such a contract.

## JURISDICTION AND VENUE

4. This action arises out of Defendant MDS' violations of the FDCPA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 15 U.S.C. § 1640(e) and 15 U.S.C. § 1692k; as well as supplemental jurisdiction over the State law causes of action pursuant to 28 U.S.C. § 1367(a).

5. Because Defendant BEST regularly conducts business within the State of California by maintaining an agent designated for service of process at CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, personal jurisdiction is established.

3
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, City of Murrieta, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants both have conducted business within this judicial district at all times relevant.

## FACTUAL ALLEGATIONS

7. At some point in the year 2013, Plaintiff received medical services from Rancho Springs Medical Center without any requirement that she pay for the services up front or at the time of services.

8. After receiving the services, Rancho Springs Medical Center billed to Plaintiff directly $150.00.

9. At some point thereafter, Plaintiff defaulted upon the payments due to an unfortunate mismanagement of her finances.

10. On June 18, 2014, Plaintiff petitioned the Bankruptcy court for a Chapter 13 discharge of her debts.

11. Plaintiff specifically named Rancho Springs Medical Center as a creditor holding an unsecured claim on one of her consumer debts to be included in the bankruptcy proceedings.

12. The bankruptcy trustee notified Rancho Springs Medical Center of the debt being included in Plaintiff's petition for bankruptcy discharge.

13. The bankruptcy trustee established a Chapter 13 repayment plan, which included the debt owed to Defendant.

14. Plaintiff made all payments consistent with the Chapter 13 plan in a timely manner, and her payments thereupon were discharged on January 19, 2016.

15. Rancho Springs Medical Center never once objected or sought any adversary proceedings to Plaintiff's bankruptcy proceedings, which thereby bound Rancho Springs Medical Center to the terms of the Chapter 13 plan.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

16. Without any objections or adversary proceedings having been sought by Rancho Springs Medical Center, the debt was discharged along with all other debts on January 19, 2016 pursuant to Plaintiff's Chapter 13 plan.

17. However, after Rancho Springs Medical Center was notified of the bankruptcy petition, rather than filing a proof of claim in order to be paid out of the Chapter 13 repayment plan, Rancho Springs Medical Center instead promptly sold, transferred, or assigned the debt to Defendant for collection.

18. Plaintiff has discovered in September 2016 that Defendant MDS has been reporting to the consumer credit reporting agencies inaccurate information about the account

19. In particular, Defendant MDS has persisted in reporting, even after Plaintiff's discharge in January 2016, that there is a "past due amount $150.00" on the account, the account remains "Unpaid" as of September 2016, and every month in 2016 after her discharge contains a mark of "failure to pay".

20. However, this information is absolutely false, as the debt was unequivocally included in Plaintiff's Chapter 13 bankruptcy discharge and the account is not "unpaid" and is not "past due $150.00".

21. This false information reported by Defendant MDS was provided to multiple potential creditors in February and July of 2016, at a minimum, as indicated by creditor inquiries on her reports, which means multiple potential creditors have been wrongly informed that this debt remains unpaid and outstanding.

22. Moreover, as Defendant MDS took over collection after Plaintiff petitioned for bankruptcy and after Rancho Springs Medical Center had been notified of the bankruptcy petition, then Defendant MDS is presumed to have been placed on notice since June 2014 that Plaintiff included the debt in her bankruptcy petition, and is also presumed to have been placed on notice that the debt was thereafter discharged in January 2016.

23. Consequently, Defendant MDS is required to report the amount due as

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1 $0.00 and is not permitted to report any delinquencies after the discharge.

2     24. Defendant MDS has also failed to report that the debt was included in Plaintiff's discharge, which creates the false and misleading impression that she has still has a responsibility upon the account.

    25. The false reporting by both Defendant MDS have created the absolutely false and misleading impression that Plaintiff did not perform under her Chapter 13 repayment plan, or that the debt was not included in the repayment plan and Plaintiff is therefore still personally liable for it, all of which is absolutely false.

    26. Defendant's violations described above have caused undue mental anguish and stress upon Plaintiff, in that she has suffered anxiety, nervousness, humiliation, loss of sleep, lack of faith in the credit system, and feelings of despair and hopelessness due to her essentially being held back from moving on with her life after her bankruptcy discharge, which is supposed to provide her with a fresh start as a consumer.

**FIRST CAUSE OF ACTION**
**15 U.S.C. § 1692, et seq.**
**(FEDERAL FAIR DEBT COLLECTION PRACTICES ACT)**

    27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

    28. Because Defendant MDS took over the account after it had already gone into default for the purpose of collecting upon the account, and because Defendant MDS engages in the primary business activity of utilizing the mails for the purpose of attempting to collect upon consumer debts, Defendant MDS is therefore a debt collector within the meaning of 15 U.S.C. §1692a(6) of the Federal FDCPA.

    29. Because the account in question pertains to medical services that were issued to Plaintiff without payment being required up front or at the time of receiving services, the account in question is therefore a consumer debt within the meaning of 15 U.S.C. §1692a(5) and Plaintiff is a consumer within the meaning of 15 U.S.C.

6
**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1  §1692a(3) of the Federal FDCPA.

2  30. By reporting upon Plaintiff's consumer credit report inaccurate and misleading information that creates the false impression that Plaintiff is still responsible for the alleged debt and without indicating anywhere that Plaintiff's liability was discharged upon the debt, and by persistently reporting that the false information that the account is in default in the amount of $150.00, Defendant has therefore committed the following violations of the Federal FDCPA:

    a. Engaged in false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e;

    b. Has falsely represented the character and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A);

    c. Has taken legal action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

    d. Has communicated to the credit reporting agencies information that is known or should be known to be false in violation of 15 U.S.C. § 1692e(8);

    e. Has used false representations and deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

31. Plaintiff is informed and believes that these violations were willful, in that Defendant MDS could have easily discovered the proper information by simply reviewing its own account records prior to initiating any credit reporting.

32. Defendant MDS' violations have created the absolutely false and misleading impression that Plaintiff did not perform under her Chapter 13 repayment plan, or that the debt was not included in the repayment plan and Plaintiff is therefore still personally liable for it, all of which is absolutely false.

33. Defendant's violations described above have caused undue mental anguish and stress upon Plaintiff, in that she has suffered anxiety, nervousness, humiliation, loss of sleep, lack of faith in the credit system, and feelings of despair and hopelessness due

to her essentially being held back from moving on with her life after he bankruptcy discharge, which is supposed to provide her with a fresh start as a consumer.

34. Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages of up to $1,000.00, actual damages, attorneys' fees, and costs of prosecution.

## SECOND CAUSE OF ACTION
## Calif. Civ. Code § 1785.25(a)
## (CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT)

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs as if fully stated herein.

36. As the furnisher of information to credit reporting agencies, Defendant MDS has always been obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if they knew or should have known the information was incomplete or inaccurate, as required by Calif. Civ. Code § 1785.25(a) of the California CCRA.

37. Defendant MDS violated its obligations because MDS has consistently reported, even after Plaintiff's discharge in January 2016, that there is a balance owed upon the account, a past due balance upon the account, and have failed to report that Plaintiff's liability upon the account was discharged in January 2016.

38. Defendant MDS knew or should have known of its obligation to not report an active balance or a past due balance, because it acted on behalf of Rancho Springs Medical Center after Rancho Springs Medical Center was served with the bankruptcy trustee's notice, which means Defendant MDS received knowledge of the debt having been so included.

39. Plaintiff is informed and believes that these violations were willful, as Defendant MDS could have easily reviewed their own account records to know that Plaintiff had included the debt in her bankruptcy discharge, yet it willfully and knowingly disregarded any account review prior to initiating the derogatory credit reporting.

40. Defendant's violations occurred multiple months from February to the present date.

41. Even if Defendant's derogatory reporting is technically accurate, it is still a violation of this law if the derogatory reporting is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions. *Cisneros v. U.D. Registry, Inc.* (1995) 39 Cal. App. 4th 548.

42. Defendant's violations have created the absolutely false and misleading impression that Plaintiff did not perform under her Chapter 13 repayment plan, or that the debt was not included in the repayment plan and Plaintiff is therefore still personally liable for it, all of which is absolutely false.

43. Defendant's violations described above have caused undue mental anguish and stress upon Plaintiff, in that she has suffered anxiety, nervousness, humiliation, loss of sleep, lack of faith in the credit system, and feelings of despair and hopelessness due to her essentially being held back from moving on with her life after he bankruptcy discharge, which is supposed to provide her with a fresh start as a consumer.

44. Pursuant to Calif. Civ. Code § 1785.31, Plaintiff is therefore entitled to an award of actual damages, statutory damages of $100.00 to $5,000.00 for every willful violation, injunctive relief, as well as attorneys' fees and costs for pursuing prosecution of these violations.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**FEDERAL FDCPA**

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages in the amount of $25,000.00, or as the jury may allow, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of costs of litigation and attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### CALIF. CCRAA VIOLATIONS

- Actual damages in the amount of $25,000.00, or as the jury may allow, for Defendant's negligent violations of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(1);
- Actual damages as identified above, plus punitive damages of $5,000.00 for each and every willful violation of Calif. Civ. Code § 1785.25(a), pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);
- Injunctive relief pursuant to Calif. Civ. Code § 1785.31(b); and
- An award of costs of litigation and attorneys' fees, pursuant to Calif. Civ. Code § 1785.31(d).

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 09-19-16                                  Respectfully submitted,

SEMNAR & HARTMAN, LLP

By:   */s/ Jared M. Hartman*_____
      Jared M. Hartman, Esq.
      Attorneys for Plaintiff